IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| CODY RAY LEVEKE,<br><br>Petitioner,<br><br>v.<br><br>KEVIN SCHNIEDER,<br><br>Respondent. | No. 4:20-cv-00218-JAJ<br><br>**ORDER OF DISMISSAL** |

**I.     BACKGROUND**

Petitioner Cody Ray Leveke filed this petition seeking release from detention. ECF No. 1. Leveke contends he should be released because his trial did not occur within the time limits set by 18 U.S.C. § 3164. *Id*. He contends he was arrested in December and his trial has not occurred. He filed this action as a petition for writ of habeas corpus. Leveke filed a previous habeas case seeking release from detention on Speedy Trial grounds. *Leveke v. United States of America*, 4:20-cv-00127-JAJ (S.D. Iowa May 2, 2020). That case was dismissed on May 2, 2020.

**II.    ANALYSIS**

As the Court explained in the ruling and order dismissing Leveke's prior habeas action, procedural and substantive reasons bar Leveke's request for habeas relief.

First, Leveke's criminal case is ongoing, and he should raise his Speedy Trial challenges in that action. See *Hamilton v. United States*, No. 2:17-CV-13693, 2017 WL 5903447, at *1 (E.D. Mich. Nov. 30, 2017) ("Courts should abstain from exercising jurisdiction, however, where the issues raised in the federal habeas petition may be resolved at trial or by other available procedures"); *Sandles v. Hemingway*, 22 F. App'x 557 (6th Cir. 2001) (finding district court properly dismissed the claim because it would be dispositive of the underlying criminal charges and must be exhausted at trial and on appeal before habeas corpus relief is available); *Moore v. United States*, 875 F. Supp. 620, 624

(D. Neb. 1994)("where habeas claims raised by a pretrial detainee would be dispositive of the pending federal criminal charges, principles of federal court efficiency require that the petitioner exhaust those claims by presenting them at trial and then on direct appeal," not in a separate 2241 petition). In fact, Leveke has a pending motion in his criminal case raising a Speedy Trial claim. *United States v. Leveke*, 4:20-cr-00011-JAJ (S.D. Iowa), ECF No. 148.

Leveke's claim also fails on the merits. The Sixth Amendment right to a speedy trial "attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences." *United States v. Williams*, 557 F.3d 943, 948 (8th Cir. 2009) (internal citations omitted). When evaluating a Sixth Amendment claim for pretrial delay, courts balance four considerations: (1) length of the delay, (2) reason for the delay, (3) defendant's assertion of the right to a speedy trial, and (4) prejudice to the defendant. *Id*. The Speedy Trial Act (18 U.S.C. §§ 3161–74) is a safeguard designed to protect a criminal defendant's constitutional right to a speedy trial. *Id.* at 950.

Under the Act a defendant must be brought to trial within 70 days of his indictment or arraignment, whichever is later. *Id*. The 70 day period can be interrupted by periods identified in the Act. The 70 day clock is stopped by "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," § 3161(h)(1)(F), and by "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court," § 3161(h)(1)(J). The Court may exclude time from the Speedy Trial Act's computation if "the court sets forth, in the record of the case ... its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In making this decision, the Court may consider whether the failure to grant such a continuance in the proceeding would be likely to make

a continuation of such proceeding impossible or result in a miscarriage of justice. *Id.* § 3161(h)(7)(B).

Leveke is currently detained at the Polk County Jail pending trial on his federal charges. See *United States of America v. Cody Ray Leveke*, No. 4:20-cr-011 (S.D.Iowa). Leveke was arrested on December 23, 2019. *Id.* (docket entry). The indictment against Leveke was filed on January 21, 2020. Cr. Case, ECF No. 40. His trial is currently scheduled for August 10, 2020. ECF No. 146.

On March 16, 2020, the Court entered an administrative order in response to the outbreak of Coronavirus Disease ("Covid-19") in the Southern District of Iowa. Cr. Case, ECF No. 78. The order continued all civil and jury trials. The order provided that the time between the date of the administrative order and the new trial date would be excluded from consideration of the Speedy Trial Act's requirement of a trial within seventy days from arraignment. *Id*. A second administrative order was entered on April 8, 2020, further continuing all civil and jury trials. Cr. Case, ECF No. 111-2. A third administrative order was entered on July 2, 2020, further continuing all civil and jury trials until August 10, 2020. Cr. Case*,* ECF No. 146-2.

The Court excluded, through administrative orders, time periods beginning on March 16, 2020 for purposes of the Speedy Trial Act. In those Orders, the Court explained that the exclusion of these dates was necessitated by the Covid-19 pandemic, and the severity the risk it posed to the public, Court staff and other Court agencies. The Court found that the ends of justice served by the continuances outweigh the best interests of the public and the defendants to a speedy trial pursuant to § 3161(h)(7)(A).

Section 3161(h) also excludes periods of time resulting from Defendant's filing of pre-trial motions. Leveke has filed numerous pre-trial motions, extending the seventy-day time period.  Leveke's rights under the Speedy Trial Act have not been violated.  Even assuming Leveke's request for release, filed as a habeas petition, is an appropriate mechanism for raising the issue, the request is **denied**.

The case is dismissed.

## III. SUMMARY AND CONCLUSION

Based on the foregoing, the motion for habeas relief is DENIED. The motion to proceed in forma pauperis (ECF No. 2) is GRANTED. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED** this 3rd day of August, 2020.

_____
JOHN A. JARVEY, Chief Judge
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA